IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUE MATTIE THOMAS,** | : | |
| | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | NO. 02-CV-3182 |
| v. | : | |
| | : | |
| **NATIONSCREDIT FINANCIAL** | : | |
| **SERVICES d/b/a EQUICREDIT,** | : | |
| **FAIRBANKS CAPITAL** | : | |
| **CORPORATION, AND U.S. BANK** | : | |
| **NATIONAL ASSOCIATION,** | : | |
| **AS TRUSTEE** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF SETOFF OF DEFENDANTS
NATIONSCREDIT FINANCIAL SERVICES d/b/a EQUICREDIT AND U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE TO PLAINTIFF'S COMPLAINT**

NationsCredit Financial Services Corporation d/b/a/ EquiCredit ("EquiCredit") and U.S. Bank National Association, as Trustee ("U.S. Bank", and collectively with EquiCredit, "Defendants"), by its undersigned counsel, Reed Smith LLP, hereby respond to the Complaint of Plaintiff Lue Mattie Thomas ("Plaintiff") as follows:

1.  Denied. The allegations set forth in Paragraph 1 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

2.  Denied. The allegations set forth in Paragraph 2 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

3.  Denied. The allegations set forth in Paragraph 3 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.

4. Admitted in part, denied in part. Upon information and belief, Defendants admit only that at the time of the loan transaction that is the subject of the Complaint, Plaintiff owned her home at 126 W. York Street, Philadelphia, PA 19133. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint and, therefore, deny the same.

5. Denied as stated. Defendants admit only that NationsCredit Financial Services Corporation is a North Carolina corporation with a registered address c/o C.T. Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19103 that formerly engaged in consumer lending throughout the United States. By way of further response, the allegations set forth in Paragraph 5 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

6. Admitted in part, denied in part. Upon information and belief, Defendants admit only that Fairbanks Capital Corp. has a principal place of business located in Salt Lake City, Utah. By way of further response, the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

7. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. Denied. The allegations set forth in Paragraph 12 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

13. Denied as stated. Defendants admit only that Plaintiff signed a home improvement contract that appears to be dated on April 27, 1999. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same. By way of further response, the document referenced in Paragraph 13 of Plaintiff's Complaint is a writing that speaks for itself, and any attempt to characterize its content is improper, and, therefore, denied.

14. Denied as stated. Defendants admit only that the home improvement contract referenced in Paragraph 14 of Plaintiff's Complaint includes a total sale price of $11,000. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same. By way of further response, the document referenced in Paragraph 14 of Plaintiff's Complaint is a writing that speaks for itself, and any attempt to characterize its content is improper, and, therefore, denied.

15. Denied as stated. Defendants admit only that pursuant to an application for a loan submitted by Plaintiff, EquiCredit entered into a direct loan transaction ("Loan") with Plaintiff on May 24, 1999 for a loan in the principal amount of $15,000, the amount requested, at an interest rate of 10.750% and an annual percentage rate of 13.537%, which loan is secured by a

mortgage on property located at 126 W. York Street, Philadelphia, PA 19133. By way of further response, the documents relied upon in Paragraph 15 of Plaintiff's Complaint are writings that speak for themselves, and any attempt to characterize their content is improper, and, therefore, denied.

16. Denied as stated. Defendants admit only that the following amounts were paid from Plaintiff's funds at settlement: $1,350 to First Clearfield Fund; $150 to EquiCredit for loan origination; $350 for appraisal; $270 to EquiCredit for processing; $53 for tax service; $150 for appraisal reinspection; $200 for settlement; $30 and $35 for courier fees; $390 for title insurance; and $65 for recording. By way of further response, the document referenced in Paragraph 16 of Plaintiff's Complaint is a writing that speaks for itself, and any attempt to characterize its content is improper, and, therefore, denied.

17. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. Denied.

19. Denied as stated. Defendants admit only that this loan was placed into a securitization for which U.S. Bank was the trustee on August 1, 1999 and that EquiCredit transferred servicing rights in the Loan to Fairbanks Capital Corp. on March 31, 2002.

20. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

## COUNT I
### (TILA Rescission and Damages)

24. Defendants incorporate by reference their responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25. Denied. The allegations set forth in Paragraph 25 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

26. Denied. The allegations set forth in Paragraph 26 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

27. Denied. The allegations set forth in Paragraph 27 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

28.. Denied. The allegations set forth in Paragraph 28 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

29. Denied. The allegations set forth in Paragraph 29 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

30. Denied as stated. Defendants admit only that by letter dated October 19, 2001, Plaintiff's counsel requested that the Loan be rescinded. By way of further response, Exhibits "2" and "3" referenced in Paragraph 30 of Plaintiff's Complaint are writings that speak for themselves, and any attempt to characterize their contents is improper and, therefore, denied.

31. Denied as stated. Defendants admit only that EquiCredit did not take steps to rescind the Loan because Plaintiff had no valid reason to rescind the loan and as such EquiCredit was under no legal obligation to do so and that EquiCredit, by letter dated December 5, 2001, advised Plaintiffs' counsel that EquiCredit would not rescind the loan. By way of further response, the allegations set forth in Paragraph 31 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendants NationsCredit Financial Services Corporation d/b/a/ EquiCredit and U.S. Bank National Association, as Trustee demand judgment in their favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNT II – CONSUMER PROTECTION LAW
**(All Defendants)**

32. Defendants incorporate by reference their responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33. Denied. The allegations set forth in Paragraph 33 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

34. Denied. The allegations set forth in Paragraph 34 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

35. Denied. The allegations set forth in Paragraph 35 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

36. Denied. The allegations set forth in Paragraph 36 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

37. Denied. The allegations set forth in Paragraph 37 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendants NationsCredit Financial Services Corporation d/b/a/ EquiCredit and U.S. Bank National Association, as Trustee demand judgment in their favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole in or part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff are not entitled to any statutory damages under any federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of laches, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff were given all material disclosures in connection with the loan transaction required under state and federal law.

**WHEREFORE,** Defendants NationsCredit Financial Services Corporation d/b/a/ EquiCredit and U.S. Bank National Association, as Trustee demand judgment in their favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNTERCLAIM OF SETOFF

1. Plaintiff is indebted to EquiCredit under the terms of a Note that is secured by a Mortgage, both of which are dated May 24, 1999.

2. If this Court determines that Defendants are indebted to Plaintiff in any amount, such indebtedness should be offset by the amount of money Plaintiff owes EquiCredit pursuant to the terms of the Note.

**WHEREFORE,** Defendants NationsCredit Financial Services Corporation d/b/a/ EquiCredit and U.S. Bank National Association, as Trustee demand judgment in their favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

_____
Marilyn Heffley, Esquire
Attorney I.D. No. 42904
Peter F. Giamporcaro, Esquire
Attorney I.D. No. 81304
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 fax

Counsel for Defendants
NationsCredit Financial Services Corporation d/b/a
EquiCredit
U.S. Bank National Association, as Trustee

Dated: September 19, 2002

## CERTIFICATE OF SERVICE

I, Peter F. Giamporcaro, hereby certify that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim of Setoff of Defendants NationsCredit Financial Services Corporation, EquiCredit Corporation of America, and U.S. Bank National Association, as Trustee to Plaintiff's Complaint was served by U.S. mail, postage prepaid, upon the following counsel of record on this 19th day of September, 2002:

>Elizabeth C. Goodell, Esquire
>Community Legal Services, Inc.
>1424 Chestnut Street
>Philadelphia, PA  19102
>
>(Counsel for Plaintiff)

By_____
Peter F. Giamporcaro, Esquire