```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LUE MATTIE THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EQUICREDIT CORPORATION, et al. | : | NO. 02-3182 |

### SECOND SCHEDULING ORDER

**AND NOW**, this         day of February, 2003, **IT IS HEREBY ORDERED** that:

    1.  The First Scheduling Order dated October 18, 2002 is VACATED.

    2.  All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by March 31, 2003.

    3.  Parties shall serve reports of expert witnesses with respect to issues on which they have the burden of proof at least thirty (30) days before completion of discovery.

    4.  Parties shall serve any responsive reports on or before the date for completion of discovery.

    5.  Any summary judgment motion or other dispositive motion, together with supporting brief, shall be filed and served on or before April 10, 2003.  <u>Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found</u>.

6. No brief filed in support of or in opposition to <u>any</u> motion shall exceed 25 pages in length without prior leave of court.

7. All parties shall prepare and file with the Clerk of Court their <u>Pretrial Memoranda</u>, in accordance with this Order and Local Rule of Civil Procedure 16.1(c), and <u>any motions in limine</u> as follows:

    A. Plaintiff - on or before April 11, 2003; and

    B. Defendant(s) - on or before April 24, 2003.

8. The court will assign a Magistrate Judge to hold a settlement conference prior to the scheduled trial.

9. The case will be placed in the trial pool on May 1, 2003.

10. Any party having an objection to: (A) the admissibility for any reason (except relevancy) of any evidence expected to be offered or (B) the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in its <u>Pretrial Memorandum</u>. Such objection shall describe with particularity the ground and the legal authority for the objection.

11. The <u>Pretrial Memorandum</u> shall also identify the other significant legal issues involved in the case, together with appropriate citations and other legal authority.

12. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall

inquire of counsel <u>prior to trial</u> for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

      13.   At least five (5) working days before the case is placed in the trial pool, each party shall submit to the Court, and serve on each other, proposed findings of fact and conclusions of law.  The statement will list each proposed finding and conclusion in a separate numbered paragraph.  Counsel should be concise and propose only those findings and conclusions that are essential to the claim or defense at issue.  Conclusions of law should be accompanied by appropriate citations of legal authority.

      14.   If a party uses any version of the Word perfect word processing system, it is urged to provide the court with a disk containing the proposed findings of fact and conclusions of law.

      15.   Before commencement of trial, counsel will pre-mark and exchange all exhibits.  The Court should be supplied with two (2) copies of each exhibit, and a schedule of exhibits which shall briefly describe each exhibit.

      16.   Except in unusual circumstances, the Court will expect to hear counsel's closing arguments immediately at the conclusion of the trial.

                                  BY THE COURT:

                                  _____
                                                        J.